## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

| | | |
|---|---|---|
| RL BB ACQUISITION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action |
| | ) | File No. |
| v. | ) | |
| | ) | |
| BRIDGEMILL COMMONS | ) | |
| DEVELOPMENT GROUP, LLC, | ) | |
| H. BERNARD DIXON, and | ) | |
| STARR STONE DIXON, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff RL BB Acquisition, LLC hereby files its Complaint against Defendants

Bridgemill Commons Development Group, LLC ("Bridgemill") , H. Bernard Dixon ("H.

Dixon"), and Starr Stone Dixon ("S. Dixon") (collectively, the "Defendants"), showing this

Court as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is a Delaware limited liability company having its principal place of

business in Miami, Florida.

2.      Bridgemill is a Georgia limited liability company with its principal office address

in Cleveland, Bradley County, Tennessee.  Bridgemill may be served with process through its

Registered Agent, Valerie Babb, 2003 Burnt Hickory Road, Marietta, Cobb County, Georgia

30064 or otherwise in accordance with Federal law.

3.      H. Dixon is an individual and resident of the State of Tennessee.  H. Dixon may

be served with process at his address of 123 Bentley Park Drive, NW, Cleveland, Tennessee

37312 or wherever he may be found.

4.     S. Dixon is an individual and resident of the State of Tennessee.  S. Dixon may be served with process at her address of 123 Bentley Park Drive, NW, Cleveland, Tennessee 37312 or wherever she may be found.

5.     Pursuant to 28 U.S.C. § 1332, the Court has jurisdiction over this case because complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  One the one hand, Plaintiff is a limited liability company with direct and indirect owners that are citizens of states other than Georgia or Tennessee.  Specifically, Plaintiff is wholly owned by Rialto Real Estate Fund, LP, a Delaware limited partnership.  Rialto Real Estate Fund, LP, in turn, has a single general partner, Rialto Partners GP, LLC, and a single limited partner, Lennar Distressed Investments, LLC.  Both of these entities are Delaware entities.  Rialto Partnership GP, LLC has only two members, Lennar Distressed Investments, LLC and Rialto Capital Management, LLC, both of which are Delaware entities.  Finally, both Lennar Distressed Investments, LLC and Rialto Capital Management, LLC are wholly owned by Lennar Corporation, a Delaware corporation.  None of these entities have their principal place of business in either Georgia or Tennessee.

6.     On the other hand, all of the Defendants are either Georgia or Tennessee citizens. Bridgemill is a citizen of Georgia and Tennessee because it is incorporated in Georgia and has its principal place of business in Tennessee.  H. Dixon is a Tennessee citizen because he is domiciled in Tennessee.  S. Dixon is a Tennessee citizen because she is likewise domiciled in Tennessee.  And as set forth more fully below, the amount in controversy far exceeds the sum of $75,000.00.  Accordingly, jurisdiction is proper under 28 U.S.C. § 1332.

2

7.     Pursuant to 28 U.S.C. § 1391(a), venue is proper in this Court because, *inter alia*, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Eastern District of Tennessee.

## II. FACTS

8.     On or about June 4, 2008, Bridgemill executed and delivered a Promissory Note (the "Note") in favor of Branch Banking and Trust Company ("BB&T") in the original principal amount of $6,400,000.00.  The Note obligates Bridgemill to timely pay BB&T all amounts due under the Note, including principal, interest, and other charges due and payable thereunder (collectively, the "Indebtedness").  A true and correct copy of the Note is attached hereto as part of Exhibit "A" and is incorporated by reference herein.

9.     Under the Note, Bridgemill is obligated to pay BB&T's reasonable attorneys' fees and other costs of collection incurred by BB&T in enforcing its rights under the Note.

10.     On or about June 4, 2008, H. Dixon executed and delivered a Guaranty Agreement to BB&T (the "H. Dixon Guaranty") by which he unconditionally guaranteed Bridgemill's payment and performance under the Note.  A true and correct copy of the H. Dixon Guaranty is attached hereto as Exhibit "B" and incorporated by reference herein.

11.     On or about June 4, 2008, S. Dixon executed and delivered a Guaranty Agreement to BB&T (the "S. Dixon Guaranty" and, together with the H. Dixon Guaranty, the "Guaranties") by which she unconditionally guaranteed Bridgemill's payment and performance under the Note. A true and correct copy of the S. Dixon Guaranty is attached hereto as Exhibit "C" and incorporated by reference herein.

12.     BB&T disbursed funds to Bridgemill or for Bridgemill's benefit subject to the terms of the Note.

3

13.     Bridgemill received and has enjoyed the use of the funds that BB&T disbursed.

14.     Bridgemill is in default under the Note for failing to pay the Indebtedness at maturity.

15.     To date, H. Dixon has not paid the outstanding Indebtedness.

16.     To date, S. Dixon has not paid the outstanding Indebtedness.

17.     BB&T executed and delivered to Rialto Real Estate Fund, LP ("Rialto") an Allonge for the Note (the "Rialto Allonge"). A true and correct copy of the Rialto Allonge is attached hereto as part of Exhibit "A" and incorporated by reference herein.

18.     By the Rialto Allonge, BB&T assigned and transferred the Note to Rialto.

19.     On or about March 3, 2011, BB&T executed a certain Assignment of Loan Documents by which it assigned to Rialto all of its right, title, and interest in and to the Guaranties. A true and correct copy of this Assignment to Rialto (the "Rialto Loan Assignment") is attached hereto as Exhibit "D" and incorporated by reference herein.

20.     On or about July 27, 2011, Rialto executed and delivered to Plaintiff an Allonge for the Note (the "Plaintiff Allonge"). A true and correct copy of the Plaintiff Allonge is attached hereto as part of Exhibit "A" and incorporated by reference herein.

21.     By the Plaintiff Allonge, Rialto assigned and transferred the Note to Plaintiff.

22.     On or about July 27, 2011, Rialto executed a certain Assignment of Loan Documents by which it assigned to Plaintiff all of its right, title, and interest in and to the Guaranties. A true and correct copy of this Assignment to Plaintiff (the "Plaintiff Loan Assignment") is attached hereto as Exhibit "E" and incorporated by reference herein.

23.     As a result of the execution and delivery of the Rialto Allonge, the Rialto Loan Assignment, the Plaintiff Allonge, and the Plaintiff Loan Assignment, Plaintiff is the current

4

holder of the Note and the Guaranties and has the right to enforce all rights under the same, including, without limitation, the right to pursue this case as Plaintiff.

24.    By a letter dated July 29, 2011 (the "Demand Letter"), Plaintiff notified the Defendants of their default under the terms of the Note and the Guaranties and demanded payment of the outstanding Indebtedness.  Plaintiff further notified the Defendants of its intention to enforce the attorneys' fees provisions of the Note and the Guaranties.  A true and correct copy of the Demand Letter is attached hereto as Exhibit "F" and incorporated by reference herein.

25.    As of August 12, 2011, the total outstanding Indebtedness is not less than $2,523,405.64, exclusive of Plaintiff's attorneys' fees and collection costs.  Interest continues to accrue on the Indebtedness at the rate of $615.74 per day.

26.    As Bridgemill's failure to make payment when due constitutes an event of default under the Note, Plaintiff is entitled to invoke its remedies under the same.

### III. CAUSES OF ACTION

**COUNT I**
**BREACH OF NOTE**
**(Against Bridgemill Commons Development Group, LLC)**

27.    Plaintiff incorporates by reference the averments in paragraphs 1 through 26 above as if fully stated herein.

28.    Bridgemill breached its contractual obligations to Plaintiff under the Note by failing to pay the Indebtedness at maturity.

29.    All conditions precedent to Plaintiff's right to recover under the Note have been satisfied.  To date, Bridgemill has failed to pay the Indebtedness in full.

5

30.     As a result of Bridgemill's failure to pay the outstanding Indebtedness in full,

Plaintiff is entitled to the entry of judgment against Bridgemill in an amount equal to the

Indebtedness as of the date of entry of judgment.

## COUNT II
## BREACH OF GUARANTY CONTRACT
### (Against H. Bernard Dixon)

31.     Plaintiff incorporates by reference the averments in paragraphs 1 through 26

above as if fully stated herein.

32.     H. Dixon is liable for the Indebtedness under the terms of the H. Dixon Guaranty.

To date, he has failed to repay the Indebtedness in full.

33.     As a result of H. Dixon's failure to pay the Indebtedness, Plaintiff is entitled to

the entry of judgment against H. Dixon in an amount equal to the Indebtedness as of the date of

entry of judgment.

## COUNT III
## BREACH OF GUARANTY CONTRACT
### (Against Starr Stone Dixon)

34.     Plaintiff incorporates by reference the averments in paragraphs 1 through 26

above as if fully stated herein.

35.     S. Dixon is liable for the Indebtedness under the terms of the S. Dixon Guaranty.

To date, she has failed to repay the Indebtedness in full.

36.     As a result of S. Dixon's failure to pay the Indebtedness, Plaintiff is entitled to the

entry of judgment against S. Dixon in an amount equal to the Indebtedness as of the date of entry

of judgment.

6

## COUNT IV
## UNJUST ENRICHMENT
### (Against All Defendants)

37.     Plaintiff incorporates by reference the averments in paragraphs 1 through 26 above as if fully stated herein.

38.     The Plaintiff, as successor-in-interest to BB&T, conferred upon the Defendants a direct benefit in the form of loan funds disbursed pursuant to the Note.

39.     The Defendants accepted the disbursed loan funds and it would be inequitable for them to retain the benefit of the loan funds without paying Plaintiff the value thereof.

40.     The Defendants, therefore, are jointly and severally liable to Plaintiff in the amounts set forth above.

## COUNT V
## ATTORNEYS' FEES AND EXPENSES
### (Against All Defendants)

41.     Plaintiff incorporates by reference the averments in paragraphs 1 through 26 above as if fully stated herein.

42.     Under the Note and the Guaranties, the Defendants are liable to Plaintiff for its costs of collection, including, without limitation, Plaintiff's reasonable attorneys' fees.

43.     Plaintiff is entitled to the entry of judgment against the Defendants, jointly and severally, in an amount equal to its costs of collection, including reasonable attorneys' fees.

**WHEREFORE**, Plaintiff prays that the Court grant it the following relief:

a.     The entry of a final judgment against the Defendants, jointly and severally, in an amount equal to the outstanding balance of the Indebtedness as of the date of entry of judgment;

b.   The entry of a final judgment against the Defendants, jointly and severally, in an amount equal to Plaintiff's reasonable attorneys' fees and other costs of collection; and

c.   The entry of such other and further relief as the Court deems just and proper.

Respectfully submitted this 12th day of August, 2011.

s// Samuel B. Zeigler
SAMUEL B. ZEIGLER
Tennessee Bar No. 23979
szeigler@taylorenglish.com

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Telephone: 770-434-6868
Facsimile: 770-434-7376

*Attorneys for Plaintiff*
*RL BB Acquisition, LLC*

8