IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RL BB ACQUISITION, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 1:11-cv-208 |
| v. ) | |
| ) | Mattice/Carter |
| BRIDGEMILL COMMONS ) | |
| DEVELOPMENT GROUP, LLC, and ) | |
| H. BERNARD DIXON, and ) | |
| STARR STONE DIXON , ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction

Defendants move to file their first amended answer (Doc. No. 108). A hearing was held on this motion on Friday, May 24, 2013, in which Atty. Samuel Zeigler participated for the plaintiff and Atty. Thomas Ray participated for the Defendants. For the reasons stated herein, it is RECOMMENDED that the Defendants' Motion to Amend be DENIED.

### II. Background

This action is a breach of contract claim arising from an agreement between the Plaintiff and the Defendants. Plaintiff seeks to recover a total outstanding indebtedness of no less than $2,523,405.64, exclusive of Plaintiff's attorneys' fees and collection costs.

In this particular motion, the Defendants seek leave to amend their answer to add an affirmative defense. As their defense, Defendants argue that the Plaintiff lacks capacity to sue, due to Plaintiff's failure to obtain the required collection service license pursuant to the Tennessee Collection Service Act. Tenn. Code Ann. § 62-20-105(a) states, "[n]o person shall

commence, conduct or operate any collection service business in this state unless the person holds a valid collection service license issued by the board under this chapter or prior state law." The Defendants argue that "Plaintiff's failure to comply with the Act means that it cannot commence any action to collect on the Notes or Guarantees, and therefore lacks capacity to sue." (Defendants' Motion at 1,2. (Doc. 108)).

The original complaint in this case was filed on August 8, 2011, and was answered by the Defendants on December 12, 2011. Under the Court's January 26, 2012 scheduling order, the dispositive motion deadline expired November 27, 2012. The deadline to amend expired September 4, 2012, and the discovery deadline expired November 13, 2012. Plaintiff and Defendant Starr Stone Dixon filed dispositive motions by the November 27, 2012 deadline. On March 20, 2012, the Court entered an order denying defendant Dixon's motion and granting the Plaintiff's motion as to liability.

### III. Analysis

### A. Standard of Review

There are two Federal Rules of Civil Procedure at play when considering a motion to amend an answer: Rule 15 and Rule 16. Fed. R. Civ. P. 15(a) provides that "leave to amend shall be freely given where justice so requires." Under Rule 15(a), leave to amend is appropriate "in absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive… repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc…" *Leary v. Daeschner*, 349 F. 3d 888, 905 (6th Cir. 2003), (quoting *Foman v. Davis*, 371 U.S. 078, 182 (1962)). The Sixth Circuit in *Duggins v. Steak 'N Shake*, 195 F.3d 828, 834 (6th Cir. 1999) discusses the prejudice component of the Rule 15(a) analysis:

To deny a motion to amend, a court must find "at least some significant showing of prejudice to the opponent." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). The Moore case emphasizes the need for the district court to give reasons for its decision, and the importance of naming prejudice to the opponent. The court noted that "delay alone, regardless of its length is not enough to bar it [amendment] if the other party is not prejudiced." *Moore*, 790 F.2d 557, 560 (quoting 3 *Moore's Federal Practice* ¶15.08 at 15.76). At least one Sixth Circuit decision has held that allowing amendments after the close of discovery creates significant prejudice, and other Circuits agree. *Moore*, 790 F.2d at 560 (citing with approval *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15 (1st Cir. 1979)); See also *Campbell v. Emory Clinic*, 166 F.3d 1157 (11th Cir. 1999); *MacDraw, Inc. v. CIT Group Equip. Financing, Inc.*, 157 F.3d 956 (2nd Cir. 1998); *Ferguson v. Roberts*, 11 F.3d 696 (7th Cir. 1993); *Averbach v. Rival Mfg. Co.*, 879 F.2d 1196 (3rd Cir. 1989).

Before the undersigned examines the Defendants' motion to amend under Rule 15(a), however, the Court must first consider the Defendants' motion in light of Fed. R. Civ. P. 16(b). *Leary*, 349 F.3d at 909 ("[B]ecause [plaintiff's] motion to amend was filed after the scheduling order's deadline, [plaintiff] must first demonstrate good cause under Rule 16(b) before we will consider whether the amendment is proper under Rule 15(a)") (quoting *Sosa v. Airprint Sys. Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). The 1983 amendments to the Federal Rules of Civil Procedure revised Rule 16 to place a timing restriction on amendments to pleadings. *Id.* at 906. Rule 16 provides the district judge shall enter a scheduling order that, *inter alia*, limits the time to join other parties and amend the pleadings.[1] Rule 16(b); *Leary*, 349 F.3d at 906. "The Rule is designed that at

---

[1] Rule 16(b) states in relevant part:

> the district judge ... shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time
> (1) to join other parties and to amend the pleadings....
>       \*     \*     \*
> A schedule shall not be modified except upon a showing of good cause and

3

some point both the parties and the pleadings shall be fixed, [and] [t]he Rule permits modification of the scheduling order upon a showing of good cause and by leave of the district judge." *Leary*, 349 F.3d at 906 (internal citation omitted); *see also* Rule 16(b). There are two factors to consider when evaluating whether good cause has been shown to allow a party to amend his pleading after the deadline has passed: first, whether the party has used due diligence in attempting to meet the case management order's deadlines and second, whether the opposing party will suffer prejudice if the amendment is allowed. *Leary*, 349 F.3d at 906; *Gardner v. Wayne County*, 2007 WL 2325065 *2 (E.D. Mich. Aug. 15, 2007); *Kaylor v. Radde*, 2005 WL 282851 *2 (N.D. Ohio Feb. 3, 2005).

### B. Discussion

Before the Court considers whether the Defendants' motion for leave is prejudicial, the Court must determine whether there is good cause pursuant to Rule 16(b).

While admitting that the motion to amend comes after the deadline set forth in the Court's Scheduling Order and after the Court entered summary judgment on the liability issue, the Defendants assert that they can demonstrate good cause for the amendment. The Defendants' claim that neither additional discovery is required, nor is there a requirement of additional proof; the amendment simply seeks a ruling as a matter of law based on the established facts.

This action was commenced on August 12, 2011. Defendants have had ample time to make an amendment before the September 4, 2012 deadline, and have offered no reason for their delay other than not knowing about the Tennessee licensing requirement. I do not find this reason to be "good cause" to allow an amendment of the complaint after the deadline for amendments has expired.

---

by leave of the district judge....

4

Furthermore, it would be prejudicial to allow the Defendants to file its first amended answer eight months after the deadline to amend pleadings, and two months after summary judgment on liability has been granted. Plaintiff argues that even if Defendants were allowed to amend to allege Plaintiff was not properly licensed as a debt collector under the Act, Defendants' proper remedy would be redress in an administrative proceeding – not dismissal of this case. Since the dispositive motion deadline has expired, Plaintiff would be precluded from filing a dispositive motion as to this issue and would therefore be unduly prejudiced. Further, allowing this amendment would, in effect, be tantamount to putting aside partial summary judgment on the liability issue without the appropriate motion to vacate having been filed. In addition to increasing the Plaintiff's costs, allowing such a motion would require the Plaintiff to file a new summary judgment motion based on the new defense, while also negating the partial summary judgment that has been granted against the Defendants.

*Duggins v. Steak 'N Shake*, 195 F.3d 828, 834 (6th Cir. 1999) is a case remarkably similar to the instant case for purposes of the defendant's motion to amend. In *Duggins*, the Plaintiff, who had been aware of the basis of her new claim for many months, sought to amend her complaint after the close of discovery, after a motion for summary judgment was pending, and after the dispositive motion deadline had expired. The Sixth Circuit held the district court did not abuse its discretion in denying Plaintiff's motion to amend in such circumstances. *Id.*

In the instant case, when the Defendants moved to file their first amended answer on May 10, 2013; the discovery deadline (November 13, 2012), the deadline to amend pleadings (September 4, 2012), and the dispositive motions deadline (November 27, 2012) had all expired. Furthermore, partial summary judgment has already been obtained against the Defendants on all issues save for liability. In sum, I conclude Defendants have not shown good cause to amend

their answer and Plaintiff would be unfairly prejudiced if Defendants were allowed to do so now.

IV. Conclusion

Accordingly, for the reasons set forth herein, it is RECOMMENDED that the Defendants' Motion to Amend its first amended answer be DENIED.[2]

S/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).